UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES M. JOHNSON,**

    **Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES LLC; AMERICAN COLLECTION SERVICES, INC.; HARRIS & HARRIS, LTD., INC.; and PROGRESSIVE MANAGEMENT SYSTEMS, INC.,**

    **Defendants.**

CASE NO: 8:10-CV-02695-SCB-EAJ

_____/

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Equifax Information Services LLC ("Equifax"), and for its response to Plaintiff's Complaint states as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that this action purports to be brought pursuant to the FCRA, the FDCPA and other state laws. Equifax denies that it is liable to plaintiff for violation the FCRA, the FDCPA or other state laws, denies that plaintiff was damaged by any action or inaction of Equifax and denies that plaintiff is entitled to any of the relief requested.

## JURISDICTION AND VENUE

2.  Equifax admits that jurisdiction arises pursuant to 15 U.S.C. §1681p.

3.  Equifax admits venue is proper in this case.

## PARTIES

4.  Equifax admits the allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.  Equifax admits the allegation contained in Paragraph 5 of Plaintiff's Complaint.

6.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint.

7.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint.

8.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9.  Equifax denies the allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Equifax denies the allegation contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax denies the allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax denies the allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax admits the allegation contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax admits the allegation contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax denies the allegation contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax denies the allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Equifax denies the allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax denies the allegation contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax denies the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax denies the allegation contained in Paragraph 21 of Plaintiff's Complaint.

22. Equifax denies the allegation contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegation contained in Paragraph 23 of Plaintiff's Complaint.

24. Equifax denies the allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint.

26. Equifax denies the allegation contained in Paragraph 26 of Plaintiff's Complaint.

## V.  CLAIMS

### COUNT ONE-VIOLATIONS OF THE FCRA (Plaintiff v EQ)

27. Equifax restates and incorporates its answers and defenses to Paragraphs 1-26 herein.

28. Equifax admits the allegation contained in Paragraph 28 of Plaintiff's Complaint.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Equifax denies the allegation contained in Paragraph 31 of Plaintiff's Complaint.

32. Equifax denies the allegation contained in Paragraph 32 of Plaintiff's Complaint.

### COUNT TWO-VIOLATIONS OF THE FCRA
### (Plaintiff v. ACS, Harris & Harris and Progressive)

33. Equifax restates and incorporates its answers and defenses to Paragraphs 1-33 herein.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiff's Complaint.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of Plaintiff's Complaint.

### COUNT THREE - FAIR DEBT COLLECTION PRACTICES ACT
**(Plaintiff v. ACS, Harris & Harris and Progressive)**

37. Equifax restates and incorporates its answers and defenses to Paragraphs 1-36 herein.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of Plaintiff's Complaint.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of Plaintiff's Complaint.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of Plaintiff's Complaint.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of Plaintiff's Complaint.

## COUNT FOUR-FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (Plaintiff v. ACS, Harris & Harris and Progressive)

45. Equifax restates and incorporates its answers and defenses to Paragraphs 1-44 herein.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of Plaintiff's Complaint.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of Plaintiff's Complaint.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of Plaintiff's Complaint.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of Plaintiff's Complaint.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of Plaintiff's Complaint.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of Plaintiff's Complaint.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiff's Complaint.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of Plaintiff's Complaint.

### JURY TRIAL DEMAND

Equifax admits Plaintiff demands a jury trial for all issues so triable.

### PRAYER FOR RELIEF

Equifax denies that it is liable to Plaintiffs for any of violation the FCRA, FDCPA and state law or that Plaintiff was damaged by any action or inaction of Equifax. Any allegation

contained in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied. Equifax further denies that Plaintiffs are entitled to any of the relief set forth in their prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted. The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court of the United States in the following cases: *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all pertinent times, Equifax acted in good faith and without malice or intent to injure Plaintiff.

### Sixth Defense

Some of Plaintiff's claims are barred as against Equifax by the qualified privilege of FCRA § 1681h(e).

### Seventh Defense

Injunctive and or declaratory relief is not available to private litigants under the FCRA as a matter of law.

### Eighth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### Ninth Defense

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

## Tenth Defense

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

## Eleventh Defense

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## Twelfth Defense

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  That Equifax be dismissed as a party to this action;

(3)  That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

>/s/ James B. Thompson, Jr.
> JAMES B. THOMPSON, JR., ESQUIRE
> Florida Bar No:  0872938
> Attorneys for Equifax Information Services, LLC
> THOMPSON GOODIS THOMPSON
> GROSECLOSE RICHARDSON & MILLER, P.A.
> Post Office Box 90
> St. Petersburg, Florida   33731-0090
> 727.823.0540 - Telephone
> 727.823.0230 - Facsimile
> Email: tjr@thompsongoodis.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 22nd day of December, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to counsel of record.

>/s/ James B. Thompson, Jr.
> JAMES B. THOMPSON, JR., ESQUIRE