IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES M. JOHNSON,                    Case No. :  8:10-CV-02695-SCB-EAJ

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, AMERICAN
COLLECTION SERVICES, INC.
HARRIS & HARRIS, LTD, INC, AND
PROGRESSIVE MANAGEMENT
SYSTEMS,

      Defendants.
_____/

## DEFENDANT, AMERICAN COLLECTION SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, AMERICAN COLLECTION SERVICES, INC. (hereinafter referred to as "Defendant" or "ACS"), by and through its undersigned counsel, and hereby file this its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

## PRELIMINARY STATEMENT

1.     The statements or allegations contained in this section are admitted for purposes of claims identification only and therefore otherwise denied.

## JURISDICTION AND VENUE

2.     Admitted for purposes of jurisdiction only; otherwise denied;

3.     Admitted for purposes of jurisdiction and venue only; otherwise denied;

## PARTIES

4.     Admitted for purposes of jurisdiction and venue only; otherwise denied;

5.      Admitted for purposes of jurisdiction and venue only; otherwise denied;

6.      Admitted for purposes of jurisdiction and venue only; otherwise denied;

7.      Unknown at this time; therefore denied;

8.      Unknown at this time; therefore denied;

## FACTUAL ALLEGATIONS

9.      Unknown at this time; therefore denied;

10.     Unknown at this time; therefore denied;

11.     Unknown at this time; therefore denied;

12.     Unknown at this time; therefore denied;

13.     Unknown at this time; therefore denied;

14.     Unknown at this time; therefore denied;

15.     Unknown at this time; therefore denied;

16.     Unknown at this time; therefore denied;

17.     Unknown at this time; therefore denied;

18.     Unknown at this time; therefore denied;

19.     Unknown at this time; therefore denied;

20.     Unknown at this time; therefore denied;

21.     Unknown at this time; therefore denied;

22.     Unknown at this time; therefore denied;

23.     Unknown at this time; therefore denied;

24.     Unknown at this time; therefore denied;

25.     Unknown at this time; therefore denied;

26.     Unknown at this time; therefore denied;

## COUNT ONE- FCRA

27.    The Defendant re-alleges its responses by reference to paragraphs 1 through 26 above as if fully stated herein;

28.    The allegations contained in this paragraph are directed solely towards a Defendant other the Defendant American Collection Services and therefore no response is necessary. To the extent that the allegation is directed directly or indirectly toward Defendant, American Collection Services, the allegations are denied. Defendant demands strict proof thereof;

29.    The allegations contained in this paragraph are directed solely towards a Defendant other the Defendant American Collection Services and therefore no response is necessary. To the extent that the allegation is directed directly or indirectly toward Defendant, American Collection Services, the allegations are denied. Defendant demands strict proof thereof;

30.    The allegations contained in this paragraph are directed solely towards a Defendant other the Defendant American Collection Services and therefore no response is necessary. To the extent that the allegation is directed directly or indirectly toward Defendant, American Collection Services, the allegations are denied. Defendant demands strict proof thereof;

31.    The allegations contained in this paragraph are directed solely towards a Defendant other the Defendant American Collection Services and therefore no response is necessary. To the extent that the allegation is directed directly or indirectly toward Defendant, American Collection Services, the allegations, including each part and sub-part, are denied. Defendant demands strict proof thereof;

32.     The allegations contained in this paragraph are directed solely towards a Defendant other

        the Defendant American Collection Services and therefore no response is necessary. To

        the extent that the allegation is directed directly or indirectly toward Defendant,

        American Collection Services, the allegations are denied. Defendant demands strict proof

        thereof;

### COUNT TWO – FCRA AGAINST ACS, H&H AND PROGRESSIVE

33.     The Defendant re-alleges its responses by reference to paragraphs 1 through 32 above as

        if fully stated herein;

34.     Admitted;

35.     Denied as to each and every part and sub-part; Defendant ACS demands strict proof

        thereof;

36.     Denied; Defendant ACS demands strict proof thereof;

### COUNT THREE – FDCPA AGAINST ACS, H&H AND PROGRESSIVE

37.     The Defendant re-alleges its responses by reference to paragraphs 1 through 36 above as

        if fully stated herein;

38.     Admitted as to Defendant ,ACS; other denied as unknown;

39.     Unknown at this time; therefore denied;

40.     Denied;

41.     Unknown at this time; therefore denied;

42.     Denied as to each and every part and sub-part; Defendant ACS demands strict proof

        thereof;

43.     Denied; Defendant ACS demands strict proof thereof;

44.     Denied; Defendant ACS demands strict proof thereof;

## COUNT FOUR – FCCPA AGAINST ACS, H&H AND PROGRESSIVE

45.     The Defendant re-alleges its responses by reference to paragraphs 1 through 44 above as

         if fully stated herein;

46.     Admitted as to Defendant ,ACS; other denied as unknown;

47.     Unknown at this time; therefore denied;

48.     Denied;

49.     Unknown at this time; therefore denied;

50.     Denied as to each and every part and sub-part; Defendant ACS demands strict proof

         thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1.      Defendant affirmatively alleges that the Plaintiff failed to mitigate any alleged damages,

         if any, in this case.

Second  Affirmative Defense

2.      Defendant affirmatively alleges that Plaintiff's claim for actual damages are not

         actionable since the damages are speculative and are not the proximate cause of any

         action or inaction of the Defendant.

Third Affirmative Defense

3.      Defendant affirmatively alleges that the alleged actions of the Defendant, and its agents

         and employees are protected by the "bona fide error" defense pursuant to Fair Debt

         Collection Practices Act and Florida' Consumer Collection Practices Act since such

         actions or inactions, if they occurred, were not intentional and resulted from a *bona fide*

         *error* notwithstanding the Defendant's maintenance of procedures reasonably adapted to

avoid such an error.

Fourth Affirmative Defense

4.      Defendant affirmatively alleges that it is not liable for the actions or inactions of other

Defendant, and its agents and employees, since such parties are independent contractors

and thus not vicariously liable under Florida law.

Fifth Affirmative Defense

5.      Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year

from the date of filing the Complaint, such claims or allegations are barred by the one (1)

year statute of limitations under the Fair Debt Collection Practices Act.

Sixth Affirmative Defense

6.      Defendantt affirmatively alleges that the claims pursuant to Section 559.72(5);(6) and/or

(9) Fla. Stat. are barred since Defendant does not possess the requisite actual knowledge

Seventh Affirmative Defense

7.      Defendant affirmatively alleges that claims for damages relating to credit bureau

reporting are preempted by the Fair Credit Reporting Act (FCRA)

Eighth Affirmative Defense

8.      Defendant affirmatively alleges that its duties and obligations under the FCRA are

limited to conducting a reasonable investigation based on the representations from the

original creditor and/or material available or provided by the Plaintiff. Such actions by

the Defendant were reasonable and not negligent or willful.

Respectfully submitted,

/s/ Ernest H. Kohlmyer

Ernest "Skip" H. Kohlmyer, Esquire

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on

**January 4, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the

CM/ECF system, which Notice will be electronically mailed to: Adam J. Knight, Esquire c/o

Henry W. Hicks, P.A. 3003 West Azeele Street, Suite 200, Tampa, FL 33609

> /s/Ernest H. Kohlmyer
> Ernest "Skip" H. Kohlmyer, Esquire
> Florida Bar No. 0110108
> South Milhausen, P.A.
> Gateway Center
> 1000 Legion Place
> Suite 1200
> Orlando, FL  32801
> Telephone: (407) 539-1638
> Facsimile: (407) 539-2679
> Attorneys for Defendant ACS.